FILED
US DISTRICT COURT
WESTERN DISTRICT
OF ARKANSAS
Nov 28, 2017
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

| | |
|---|---|
| SHEENA PRICE,<br>　　PLAINTIFF, | |
| v. | Case No. **17-6123** |
| RAWB FINANCIAL SERVICES, INC.,<br>WOLFE CONSULTANTS LLC, and<br>ROBERT LECHLEIDER, individually,<br>　　DEFENDANTS | |

# COMPLAINT

1. This action arises out of the violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), the Arkansas Fair Debt Collection Practices Act, Ark. Code Ann. § 17-24-101, et seq., ("AFDCPA") and the State of California Rosenthal Fair Debt Collection Practices Act (hereinafter "RFDCPA"), Cal. Civ. Code at §§ 1788, et seq., by RAWB Financial Services, Inc. ("RAWB"), Wolfe Consultants LLC ("Wolfe"), and Robert Lechleider ("Lechleider").

2. RAWB, Wolfe and Lechleider are subject to the collection laws of the state of Arkansas because each do business here and each purposefully directed their conduct at this state by communicating with Plaintiff.

3. RAWB, Wolfe and Lechleider are subject to the collection laws of the state of California because each were located in the state of California at all times relevant hereto and the actions of each were directed at Plaintiff from their location in California.

1

## JURISDICTION AND VENUE

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

5. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

6. Venue is proper before this Court pursuant to 28 U.S.C.§ 1391(b), where the acts and transactions giving rise to Plaintiffs' action occurred in this State and this District and where Plaintiffs reside in this State and this District.

## PARTIES

7. Plaintiff Sheena Price ("Plaintiff") is a natural person, who at all relevant times resided in Garland County, Arkansas, and thus is a "person" as that term is defined by Cal. Civ. Code § 1788.2(g).

8. RAWB is a California corporation with principal offices situated at 5000 Birch St., Suite 3000, Newport Beach, CA 92660, according to its most recent annual report filed with the California Secretary of State.

9. RAWB may be served through its registered agent, Luis Esteban Vasquez, at 1820 E Garry Ave., Suite 108, Santa Ana, CA 92705, or in accordance with California or Arkansas law.

10. Wolfe is a Wyoming LLC with principal offices situated at 412 N. Main St., Suite 100, Buffalo, WY 82834, according to its most recent annual report filed with the Wyoming Secretary of State.

11. Despite listing a Wyoming address as its principal place of business, Wolfe actually sued a location in California to conduct the collection practices described herein.

12. Wolfe may be served through its registered agent, Registered Agents Inc. at 30 N. Gould St., Suite R, Sheridan, WY 82801, or in accordance with Wyoming, California or Arkansas law.

13. Lechleider is a natural person, believed to be residing at 16531 Alliance Ave, Apt. P, Tustin, CA 92780.

14. Lechleider may be served wherever he may be found in accordance with California or Arkansas law.

15. Lechleider is the chief executive officer of RAWB according to the 2017 annual report that RAWB filed with the California Secretary of State.

16. On information and belief, Lechleider is a member of Wolfe based on the 2017 annual report that Wolfe filed with the Wyoming Secretary of State.

## FACTUAL ALLEGATIONS

17. Plaintiff is or was allegedly obligated on an old credit card account ("Account"). The Account was for personal use and was used to purchase various personal effects. The Account was not used to make commercial or business purchases whatsoever.

18. The Account defaulted in 2006.

19. The Account originated with an entity other than any of the defendants and went into default prior to being sold or otherwise transferred to defendants for collection.

20. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5), Ark. Code Ann. § 17-24-502(4), and Cal. Civ. Code § 1788.2(d) and constitutes a "consumer debt" as that term is defined by Cal. Civ. Code §1788.2(f).

21. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) and Ark. Code Ann. § 17-24-502(2).

22. Plaintiff is a "debtor" as defined by Cal. Civ. Code § 1788.2(h).

23. The principal purpose of RAWB is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

24. RAWB regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

25. RAWB is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

26. RAWB, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

27. Because RAWB engages in "debt collection", RAWB is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

28. During all times pertinent hereto, RAWB directly and indirectly participated in the unlawful debt collection practices to collect an alleged debt from Plaintiff that are described in this complaint via its ownership of Wolfe and by setting the policies and procedures for Wolfe and its agents.

29. The principal purpose of Wolfe is the purchase of delinquent debts and the collection of those debts, directly or indirectly, using the mails and telephone and other means.

30. Wolfe regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

31. Wolfe is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

32. Wolfe, in the ordinary course of business, regularly, and on behalf of itself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

33. Because Wolfe engages in "debt collection", Wolfe is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

34. Lechleider actively manages RAWB and Wolfe and directs the policies of those companies.

35. At all times relevant hereto, Lechleider directed the employees and agents of the other defendants to act in the manner they acted as described below when attempting collections from Plaintiff.

36. Lechleider regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Lechleider uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts.

37. Lechleider is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

38. Lechleider, in the ordinary course of business, regularly, and on behalf of himself and others, engages in the practice of collecting "consumer debts", and thereby engages in "debt collection" as that term is defined by Cal. Civ. Code §1788.2(b).

39. Because Lechleider engages in "debt collection", Lechleider is therefore a "debt collector" as that term is defined by Cal. Civ. Code §1788.2(c).

40. During the one year prior to the date of the filing of this Complaint, Wolfe and/or representative(s), employee(s) and/or agent(s) of Wolfe used telecommunications to communicate with Plaintiff about the Account in order to collect the Account.

41. In one such communication, in approximately June 2017 and/or July 2017, Wolfe communicated with Plaintiff on the telephone about the Account and told plaintiff that if the account was not paid she would be pursued in court and/or go to jail.

42. Defendant was also very rude to Plaintiff in the way it spoke with Plaintiff, including but not limited to hanging up on Plaintiff in a demeaning manner.

43. Wolfe told Plaintiff that the reason the account did not appear on her credit report was because when a company buys a past due financial obligation, the buyer can either report it on the consumer's credit report or sue the consumer, but not both, and that Wolfe had chosen the legal route.

44. Wolfe said the things it said for the purpose of causing Plaintiff to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that Wolfe had involuntary options available to it for enforcement of any judicial decision it received on the Account.

45. Wolfe's conduct would cause the least sophisticated consumer to believe that she had been sued or immanently would be sued on the Account if it was not paid, and that Wolfe had involuntary options available to it for enforcement of any judicial decision it received on the Account.

46. Plaintiff believed that she had been sued or immanently would be sued on the Account if it was not paid, and that Wolfe had involuntary options available to it for enforcement of any judicial decision it received on the Account.

47. In another call with Plaintiff, Wolfe told Plaintiff that by requesting to cancel the payments she had set up to avoid the threatened lawsuit Wolfe would pursue the case in court on the Account and that there was no way Plaintiff would win. Wolfe even told Plaintiff that it would be "impossible" for her to succeed in the case Wolfe was threatening to brining against her.

48. Wolfe also had communications with relatives and friends of Plaintiff's and informed one or more of them that it was necessary for Plaintiff to call back to Defendants in order to "avoid a legal issue."

49. The information conveyed to Plaintiff's relatives and friends amounted to an unlawful disclosure of a debt to third parties.

50. The information conveyed to Plaintiff and Plaintiff's friends and family was false, misleading and deceptive in that there was no legal issue, or pending or immanent lawsuit and Plaintiff would not be put in jail.

51. The account was so old that Plaintiff could not be sued on the Account because such suit was barred by the applicable statute of limitation.

52. The payments Plaintiff made to Wolfe were processed, the transaction reflected that RAWB had withdrawn the money from Plaintiff's bank account.

53. Plaintiff requested validation of the debt in writing, but Wolfe told Plaintiff that by demanding something in writing would mean that Wolfe would cancel its attempts to resolve the Account amicably and would sue Plaintiff on the Account.

54. Wolfe specifically told Plaintiff that Wolfe would not provide the requested written validation to Plaintiff.

55. Wolfe also directly stated to Plaintiff that it was licensed in Arkansas to collect from Arkansas consumers.

56. According to the website for the Arkansas State Board of Collection Agencies, Wolfe is not licensed as a collection agency in Arkansas.

57. Plaintiff made approximately five payments of $25.00 to Wolfe in order to avoid the horrors Wolfe threatened.

58. Wolfe did not, in any communication with Plaintiff, inform Plaintiff that it was a debt collector.

59. Wolfe did not, in its first communication with Plaintiff, inform Plaintiff that the communication was an attempt to collect a debt and that any information obtained would be used for the purpose of debt collection.

60. Wolfe did not ever provide Plaintiff with the notices of her right to dispute the debt or to request validation of the debt as required in 15 U.S.C. § 1692g.

61. At the time the threats by Wolfe regarding the filing of a lawsuit were made, and as of the filing of this complaint, no lawsuit had/has been filed against Plaintiff on the Account and there was no intention of doing so at the time the threats were made.

62. In all of the communications between Plaintiff and Wolfe, Wolfe failed to provide meaningful disclosure of its identity.

63. All of the conduct by Wolfe described above was done knowingly and willfully.

64. Wolfe's purpose for all of the communications with Plaintiff described above and all others was to attempt to collect the Account.

65. Each telephone call and each written correspondence individually conveyed information regarding the account directly or indirectly to Plaintiff.

66. The telephone call(s) and written correspondence(s) each individually constituted a "communication" as defined by 15 U.S.C. § 1692a(2).

67. The only reason that Wolfe and/or representative(s), employee(s) and/or agent(s) of Wolfe made telephone call(s) to, had telephone conversation(s) with and left message(s) for Plaintiff was to attempt to collect the Account.

68. The conduct of Wolfe as described above was done knowingly and willfully and purposefully.

69. RAWB was aware of the conduct of Wolfe and its employees.

70. RAWB instructed Wolfe and its employees to act in the manner they did.

71. RAWB ratified the conduct of Wolfe and its employees.

72. RAWB profited from the conduct of Wolfe and its employees.

73. During all times pertinent hereto, Lechleider (a) created the collection policies and procedures used by Wolfe and/or RAWB, and their respective employees and agents, in connection with their common efforts to collect consumer debts, (b) managed or otherwise controlled the daily collection operations of Wolfe and/or RAWB, (c) oversaw the application of the collection policies and procedures used by Wolfe and/or RAWB and their employees and agents, (d) drafted, created, approved and ratified the tactics and scripts used by Wolfe and/or RAWB and their employees and agents to collect debts from consumers, including the tactics and scripts that were used to attempt to collect an alleged debt from Plaintiff as alleged in this complaint, (e) ratified the unlawful debt collection practices and procedures used by Wolfe

and/or RAWB and their employees and agents in connection with their common efforts to collect consumer debts, and (f) had knowledge of, approved, participated in, ratified and benefitted financially from the unlawful debt collection practices used by Wolfe and/or RAWB and their employees and agents in attempts to collect an alleged debt from Plaintiff as alleged in this complaint.

74. As a direct and proximate result of the aforesaid actions, Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a).

## RESPONDEAT SUPERIOR

75. The representative(s) and/or collector(s) at Wolfe were employee(s) and/or agent(s) of Wolfe at all times mentioned herein.

76. The representative(s) and/or collector(s) at Wolfe were acting within the course and/or scope of their employment at all times mentioned herein.

77. The representative(s) and/or collector(s) at Wolfe were under the direct supervision and/or control of Wolfe at all times mentioned herein.

78. The actions of the representative(s) and/or collector(s) at Wolfe are imputed to their employer, Wolfe.

79. RAWB exerted influence and control over Wolfe, via ownership, and directed Wolfe and Wolfe's employees and agents to act in the ways described above when Wolfe attempted its collections from Plaintiff.

80. RAWB is liable to Plaintiff for the violations of Wolfe and Wolfe's employees and agents.

81. Lechleider exerted influence and control over Wolfe and RAWB, via ownership, and directed Wolfe's and RAWB's employees and agents to act in the ways described above when Wolfe attempted its collections from Plaintiff.

82. Lechleider is liable to Plaintiff for the violations of Wolfe and RAWB and Wolfe's and RAWB's employees and agents.

### COUNT I:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY RAWB FINANCIAL SERVICES, INC.

83. The previous paragraphs are incorporated into this Count as if set forth in full.

84. The act(s) and omission(s) of RAWB and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

85. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from RAWB.

### COUNT II:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY RAWB FINANCIAL SERVICES, INC.

86. The previous paragraphs are incorporated into this Count as if set forth in full.

87. The act(s) and omission(s) of RAWB and its representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and 17-24-508(a)&(b).

88. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from RAWB.

### COUNT III:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY RAWB FINANCIAL SERVICES, INC.

89. The previous paragraphs are incorporated into this Count as if set forth in full.

90. The act(s) and omission(s) of RAWB and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

91. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from RAWB.

### COUNT IV:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY WOLFE CONSULTANTS LLC

92. The previous paragraphs are incorporated into this Count as if set forth in full.

93. The act(s) and omission(s) of Wolfe and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

94. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Wolfe.

### COUNT V:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY WOLFE CONSULTANTS LLC

95. The previous paragraphs are incorporated into this Count as if set forth in full.

96. The act(s) and omission(s) of Wolfe and its representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and 17-24-508(a)&(b).

97. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Wolfe.

### COUNT VI:  VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY WOLFE CONSULTANTS LLC

98. The previous paragraphs are incorporated into this Count as if set forth in full.

99. The act(s) and omission(s) of Wolfe and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

100. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Wolfe.

### COUNT VII:  VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq. BY ROBERT LECHLEIDER

101. The previous paragraphs are incorporated into this Count as if set forth in full.

102. The act(s) and omission(s) of Lechleider and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1692c(b) and 15 U.S.C. § 1692(d)(6) and §1692e(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11) and § 1692g.

103. Pursuant to 15 U.S.C. § 1692k Plaintiff seeks damages, reasonable attorney's fees and costs from Lechleider.

### COUNT VIII:  VIOLATIONS OF THE ARKANSAS CODE ANNOTATED BY ROBERT LECHLEIDER

104. The previous paragraphs are incorporated into this Count as if set forth in full.

105. The act(s) and omission(s) of Lechleider and its representative(s), employee(s) and/or agent(s) violated Ark. Code Ann. § 17-24-504(b), § 17-24-505(b)(6) and § 17-24-506(b)(2)&(3)&(4)&(5)&(7)&(8)&(10)&(11)(A)&(11)(B) and 17-24-508(a)&(b).

106. Pursuant to Ark. Code Ann. § 17-24-512, Plaintiffs seek damages, reasonable attorney's fees and costs from Lechleider.

### COUNT IX: VIOLATIONS OF THE CALIFORNIA CIVIL CODE BY ROBERT LECHLEIDER

107. The previous paragraphs are incorporated into this Count as if set forth in full.

108. The act(s) and omission(s) of Lechleider and its representative(s), employee(s) and/or agent(s) violated Cal. Civ. Code § 1788.10(e)&(f) and § 1788.11(b) and §1788.13(a)&(b)&(h)&(i)&(j).

109. Pursuant to Cal. Civ. Code § 1788.30, Plaintiffs seek damages, reasonable attorney's fees and costs from Lechleider.

### JURY TRIAL DEMAND

110. Plaintiffs are entitled to and hereby demand a trial by jury.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiffs requests that the Court grant the following:

111. Judgment in favor of Sheena Price and against RAWB as follows:

   a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

   b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

   c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

   d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

   e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

   f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

   g. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

      h. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

      i. Such other and further relief as the Court deems just and proper.

112. Judgment in favor of Sheena Price and against Wolfe Financial Services LLC as follows:

      a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

      b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

      c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

      d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

      e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

      f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

      g. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

      h. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

      i. Such other and further relief as the Court deems just and proper.

113. Judgment in favor of Sheena Price and against Robert Lechleider as follows:

      a. Actual damages pursuant to 15 U.S.C. 1692k(a)(1);

      b. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2);

      c. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

      d. Actual damages pursuant to Ark. Code Ann. § 17-24-512(a)(1);

e. Statutory damages in the amount of $1,000.00 pursuant to Ark. Code Ann. § 17-24-512(a)(2)(A);

f. Reasonable attorneys fees and costs pursuant to Ark. Code Ann. § 17-24-512(a)(3)(A);

g. Statutory damages in the amount of not less than $100 nor greater than $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

h. Reasonable attorneys fees and costs pursuant to Cal. Civ. Code § 1788.30(c);

i. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

COOK LAW FIRM, P.A.

Jeffrey D. Wood, AR Bar No. 2006164
11610 Pleasant Ridge Rd.
Suite 103-PMB 208
Little Rock, AR 72227
Telephone: (682) 651-7599
Facsimile: (888) 598-9022
jeff@mmlaw.pro

and

Harold F. Cook, AR Bar No. 99118
8114 Cantrell Road, Suite 100
Little Rock, AR 72227
Telephone: (501) 255-1500
Facsimile: (501) 255-1116
hal@attorneyhalcook.com

ATTORNEYS FOR PLAINTIFF